UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23154-CIV-SEITZ/O'SULLIVAN

SANDRA RINKER and
JAMES RINKER JR.,

           Plaintiffs,

v.

CARNIVAL CORPORATION, *et al.*,

           Defendants.
_____/

## ORDER GRANTING CARNIVAL'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Carnival Corporation's Motion to Dismiss Plaintiffs' Amended Complaint [DE-51]. This action arises from injuries sustained by Plaintiff Sandra Rinker after she developed meningitis aboard Defendant Carnival Corp.'s ship and was provided with medical care by the ship-board doctor and nurses. Plaintiff[1] filed an eleven count[2] Amended Complaint against Carnival Corp. (Carnival) and the doctor and nurses (Medical Defendants). Six of those counts are against Carnival and Carnival now moves to dismiss Counts I, VIII, and XV for negligence, breach of contract by a third-party beneficiary, and conspiracy, respectively. Because Plaintiff has not alleged a breach of contract by Carnival, Count VIII is dismissed with prejudice. Because Plaintiff has not alleged the existence of an agreement to do an unlawful act between Carnival and the Medical Defendants, Count XV is

---

[1] The sole claim brought by James Rinker has been dismissed with prejudice. Therefore, he is no longer a party to this suit. From hereon, when the Court refers to "Plaintiff," it shall be referring only to Sandra Rinker.

[2] The Amended Complaint lists fifteen counts. However, it notes that four of them were dismissed with prejudice by prior Court order. It is not clear why Plaintiffs simply did not omit those claims from the Amended Complaint.

dismissed with prejudice. Because Plaintiff has failed to allege causation, has alleged duties that do not exist, and has pled conclusory allegations without factual support, portions of Count I are dismissed with prejudice.

## I. Factual and Procedural History

According to the allegations in the Amended Complaint, Plaintiff was a passenger aboard Carnival's ship Spirit, in November 2008, when she developed meningitis, bacteremia, and osteomyelitis. Plaintiff sought treatment for a headache while aboard the ship from the ship's doctor and nurse. The doctor administered a combination of painkillers, which Plaintiff alleges was hazardous and may have caused her meningitis. Plaintiff alleges that her departure from the ship was delayed causing her condition to worsen and resulting in a loss of hearing, loss of physical strength, and difficulties walking.

On July 2, 2010, Plaintiff filed her Amended Complaint [DE-39], after the Court granted in part Carnival's Motion to Dismiss the complaint. Plaintiff's Amended Complaint alleges six counts against Carnival: (1) Count I for negligence; (2) Count III for vicarious liability for the negligence of the ship's nurse based on apparent agency; (3) Count IV for vicarious liability for the negligence of the ship's doctor based on apparent agency; (4) Count VIII for liability based on a third-party beneficiary theory; (5) Count X for fraud; and (6) Count XV for conspiracy to commit assault and battery. Carnival moves to dismiss Counts I, VIII, and X. In addition, Carnival moves to strike any claims, or portions of claims, that rely on California law.

## II. Legal Standard for 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint and provides that a party may move the Court to dismiss a

claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion does not decide whether the plaintiff will ultimately prevail on the merits, but instead whether such plaintiff has properly stated a claim and should therefore be permitted to offer evidence in support thereof. *Brandt v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995). To survive a motion to dismiss, a complaint must contain allegations addressed to each material element "necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001). This material can be either direct or inferential, *see id.* at 683, but it must be factual. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Thus, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Twombly*, 127 S. Ct. at 1965. Pleadings that "are no more than conclusions, are not entitled to the assumption of truth[;] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Finally, when a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

### III. Discussion

#### A. California Law Does Not Apply

Neither side disputes that this action is controlled by General Maritime Law. However, Plaintiff also alleges that her claims arise under the laws of California. Carnival moves to strike all allegations regarding California law because the California laws at issue, involving the licensing of medical professionals, conflict with General Maritime Law.

When Maritime Law applies "state law must yield if it 'works material prejudice to the

characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and interstate relations.' Indeed, since . . . the early part of th[e twentieth] century, the goals of uniformity and harmony in admiralty have survived to the present." *In re Amtrak Sunset Ltd.*, 121 F.3d 1421, 1425 (11th Cir. 1997). Therefore, in determining whether to apply state law, the court must identify the state law involved and determine whether it conflicts with admiralty principles. *Id.* If it conflicts, the comparative interests must be considered. *Id.* In this case, Plaintiff alleges that California laws regarding the licensing of medical professionals apply, in addition to General Maritime Law, because the ship was in California territorial waters when the incidents occurred. Defendant asserts that such California laws conflict with General Maritime Law, which does not require a ship to have United States, or California, licensed medical personnel on board and, thus, California law must yield.

In *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1373 (5th Cir. 1988), the court noted that the law does not require a passenger ship which serves American passengers to employ a doctor who is qualified to practice medicine in the United States. Thus, California law which requires state licensing of medical personnel is directly at odds with General Maritime Law. Furthermore, any uniformity would be completely destroyed if ships were required to comply with the medical licensing laws in each state whose territorial waters a ship enters. Thus, California medical licensing laws do not apply in this case. Consequently, any reference to California law in Plaintiff's Amended Complaint is stricken.[3]

---

[3]On October 21, 2010, Plaintiff filed a Notice of Supplemental Authority [DE-75], which Carnival has moved to strike. The Notice of Supplemental Authority notifies the Court of the passage of the Passenger Vessel Security and Safety Requirement Act, 46 U.S.C. § 3507, which

### B. Count I is Dismissed Without Prejudice

Count I of the Amended Complaint alleges a claim for negligence against Carnival for failure to provide Plaintiff with reasonable care under the circumstances. Specifically, Plaintiff alleges, in seventeen sub-paragraphs, 19(a)-(n) and 19(p)-(r), that Carnival breached its duty by: (a) failing to provide reasonably safe conditions on board the ship by allowing crewmembers with visible signs of serious illness to walk freely around the ship, work in the ship's kitchens, bars and restaurants, handle food and beverages given to passengers, and cough, sneeze, or spit near passengers; (b) failing to properly treat, diagnose or quarantine passengers or crewmembers with visible sighs of serious illness; (c) failing to promulgate and enforce reasonable rules and regulations to insure passenger health and safety; (d) failing to provide adequately sanitized and hygienic cabins; (e) failing to have a proper system in place to detect and stop the spread of infectious diseases; (f) failing to timely evacuate Plaintiff; (g) failing to provide Plaintiff with prompt and adequate medical care; (h) failing to hire properly qualified doctors and nurses; (i) failing to hire properly licensed doctors and nurses, who were licensed in either the jurisdiction of the flag of the ship or in the state of California; (j) failing to disclose that the doctors and nurses were not properly licensed or properly qualified; (k) negligently relying on the medical opinions of the doctor; (l) negligently retaining the ship's doctor and nurses; (m) negligently administering medications; (n) failing to provide and maintain adequate medical facilities; (p)

---

was signed into law on July 27, 2010. Despite Plaintiff's assertions in the Notice, the Act does not on its face require cruise lines to provide U.S. licensed medical staff on all cruises. *See* 46 U.S.C. § 3507(d)(3). Furthermore, nothing in the Act indicates that it is intended to apply retroactively. Consequently, the Act has no bearing on Plaintiff's claims. The Court will deny as moot the Motion to Strike the Supplemental Authority, as well as the Motion for Extension of Time to File Response to the Motion to Strike.

failing to provide medical staff with reasonable hours of employment; (q) failing to have adequate procedures to deal with Plaintiff's medical condition, and (r) failing to have an adequate number of medical employees. Carnival argues that Count I should be dismissed because it: (1) fails to allege proximate causation, (2) fails to allege the existence of a duty to hire medical personnel with a license in the flag state or in California, (3) improperly attempts to create a duty under the International Safety Management Code, and (4) the allegations that Carnival failed to have proper and adequate procedures to handle Plaintiff's medical condition are mere conclusions.

First, Carnival moves to dismiss portions of Plaintiff's negligence claim based on the allegations in paragraphs 19(a), (b), (c), (d), and (e) because Plaintiff has failed to allege how these actions proximately caused Plaintiff's injuries. In response, Plaintiff argues that she has adequately pled causation and that she does not have to use the term "proximate" in order to adequately plead a negligence claim. While Plaintiff is correct that she need not use the word "proximate," she has not adequately pled causation as to the allegations in paragraphs 19(a)-(e). Nothing in the Amended Complaint indicates how Carnival's alleged failure to: (a) provide reasonably safe conditions on board the ship by allowing crewmembers with visible signs of serious illness to walk freely around the ship, work in the ship's kitchens, bars and restaurants, handle food and beverages given to passengers, and cough, sneeze, or spit near passengers; (b) properly treat, diagnose or quarantine passengers or crewmembers with visible sighs of serious illness; (c) promulgate and enforce reasonable rules and regulations to insure passenger health and safety; (d) provide adequately sanitized and hygienic cabins; and (e) have a proper system in place to detect and stop the spread of infectious diseases led to Plaintiff's injuries. Plaintiff does

6

not allege any facts that demonstrate that any of the crewmembers or passengers had meningitis, bacteremia, or osteomyelitis. The only causation facts the Amended Complaint alleges are that Plaintiff was injured because she was not properly diagnosed and treated, was administered a hazardous combination of pain killers, and was not timely evacuated from the ship. Nothing in the Amended Complaint indicates how Plaintiff was injured because of the failures set out in paragraphs 19(a)-(e). Therefore, the allegations of negligence based on the actions in paragraphs 19(a)-(e) do not meet the pleading requirements of *Iqbal* and *Twombly*. Thus, the claims based on the allegations in paragraphs 19(a)-(e) should be dismissed.

Next, Carnival moves to dismiss the allegations in paragraphs 19(i), (j), (k), and (l) because they allege negligence based on the fact that the medical personnel aboard the ship were not licensed in California or in the jurisdiction of the flag of the ship. As set forth above, General Maritime Law applies in this case and Maritime Law does not require that Carnival hire medical personnel who are licensed in California or in the jurisdiction of the flag of the ship. Maritime Law simply requires that if Carnival chooses to hire medical personnel, it must hire people that are competent and qualified. *See Barbetta*, 848 F.2d at 1371. Thus, Plaintiff's negligence claims based on an alleged duty to hire medical personnel licensed in California or the jurisdiction of the flag of the ship are dismissed because no such duty exists. Consequently, the allegations in paragraphs 19(i), 19(j)(1)-(2), 19(k)(2)-(3), and 19(l) are dismissed.

Third, Carnival moves to dismiss allegations in paragraph 20 that allege that Carnival violated the International Safety Management Code (ISM) and that Carnival's violation of the ISM caused Plaintiff's injury. Carnival, citing *Calderon v. Reederei Claus-Peter Offen*, 2009 U.S. Dist. LEXIS 97565, *12 (S.D. Fla. 2009), asserts that the ISM does not create or alter any

7

duties that exist in General Maritime Law. In response, Plaintiff argues that as a signatory to the 1974 SOLAS Convention, the United States is bound to enforce the ISM. Plaintiff then goes on to cite to particular sections of the ISM that have been codified in the United States. However, Plaintiff has failed to present any authority that establishes that the ISM creates any duties that Carnival owes to Plaintiff. If the ISM does not create any duties owed to Plaintiff, it cannot be the basis of a negligence claim. Furthermore, as Carnival points out, Plaintiff has also failed to allege how any violation of the ISM proximately caused Plaintiff's injuries. Consequently, Plaintiff's allegation that Carnival violated the ISM should be dismissed.

Last, Carnival moves to dismiss Plaintiff's claim, in paragraph 19(q), that Carnival failed to have proper and adequate procedures in effect to handle Plaintiff's medical condition because it is a conclusory statement without factual support, as required by *Iqbal* and *Twombly*. Carnival argues that nothing in the Amended Complaint sets out what made the procedures deficient and thus Plaintiff has not adequately pled such a claim. Plaintiff responds that, in paragraphs 15 and 16 of the Amended Complaint, she has pled facts that show that Carnival did not have systems in place to effectively quarantine sick passengers and crew and did not have proper procedures in place to prevent the development or aggravation of Plaintiff's meningitis. However, as set out above, Plaintiff has not pled causation as to the allegations regarding sick passengers and crewmembers. Plaintiff has also not pled what procedures Carnival should have had in place regarding prevention and development of meningitis. Plaintiff's reliance on the allegations in paragraph 16 to support this claim is misplaced because paragraph 16 simply sets out what Carnival did; it does not set out what Carnival should have done. Thus, paragraph 19(q) should be dismissed with prejudice.

### C. Count VIII is Dismissed With Prejudice

Count VIII of the Complaint alleges that Plaintiff was an intended third-party beneficiary of an agreement between Carnival and the Medical Defendants, which was breached by the Medical Defendants. Carnival moves to dismiss this claim because it fails to allege how the alleged contract confers a benefit on Plaintiff and because Plaintiff has not alleged a breach of the contract by Carnival. In response, Plaintiff argues that the Amended Complaint clearly alleges that Plaintiff was an intended beneficiary of the contract and also clearly alleges the elements of a claim for breach of a third-party beneficiary contract.

As the Court previously stated in its Order Granting in Part Carnival's Motion to Dismiss [DE-38];

> To plead a cause of action for breach of a third party beneficiary contract under Florida law, a plaintiff must allege (1) the existence of a contract in which plaintiff is not a party, (2) "an intent, either expressed by the parties, or in the provisions of the contract, that the contract primarily and directly benefit" the plaintiff, (3) breach of that contract by one of the parties and (4) damages to plaintiff resulting from the breach. *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So.2d 1028, 1031 (Fla. 4th DCA 1994).

Plaintiff asserts that she has alleged all of these elements. She has. However, she alleges that the Medical Defendants breached the contract, not Carnival. Therefore, there is no cause of action against Carnival. To hold Carnival liable for a breach by the other contracting parties, as Plaintiff seeks to do, would turn contract law on its head. Consequently, Plaintiff has failed to state a cause of action upon which relief can be granted and this claim should be dismissed with prejudice.

### D. Count XV is Dismissed With Prejudice

Count XV alleges a claim against Carnival for conspiracy to commit assault and/or battery. Count XV alleges that Carnival knew, allowed, encouraged, or participated in the assault and battery of Plaintiff by (1) allowing Defendants Patel and Law to render medical care without the proper licences; (2) representing to passengers that Defendants Patel and Law were qualified to render medical care aboard the ship; and (3) failing to notify passengers that Defendants Patel and Law were not qualified to render medical care because they did not have the proper licences. Carnival moves to dismiss this Count because Plaintiffs have not pled the existence of an agreement to do an unlawful act, an element of conspiracy, and have not pled the elements to support a claim of assault or battery. The Court previously dismissed this claim because Plaintiff had failed to allege the existence of an agreement among the parties to do an unlawful act. The Amended Complaint suffers from the same shortcoming.

To state a claim for civil conspiracy a plaintiff must allege "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009). Plaintiff has not alleged the existence of an agreement between Carnival and the Medical Defendants to do an unlawful act. While the Amended Complaint alleges that Carnival knew, allowed, encouraged, and/or participated in the assault and battery of Plaintiff, such allegations do not establish the existence of an agreement between the parties to assault or batter Plaintiff. Furthermore, Plaintiff argues that Defendants Patel and Law were not licensed in California in support of this claim. However, as set out earlier, California law does not apply in

10

this case. Thus, Plaintiff cannot base her assault or battery claim on California law. Consequently, Plaintiff's conspiracy claim is dismissed with prejudice.

Upon consideration, it is hereby

ORDERED THAT Defendant Carnival Corporation's Motion to Dismiss Plaintiffs' Amended Complaint [DE-51] is GRANTED:

1. Count I is DISMISSED with prejudice as to paragraphs 19(a)-(e), 19(i), 19(j)(1)-(2), 19(k)(2)-(3), 19(l), and 19(q). Paragraph 20 is also DISMISSED with prejudice.

2. Counts III and XV are DISMISSED with prejudice.

3. Carnival's Motion to Strike [DE-82] is DENIED as moot.

4. Plaintiff's Unopposed Motion for Extension of Time to File Response [DE-84] is DENIED as moot.

DONE AND ORDERED in Miami, Florida, this 19th day of November, 2010.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record