UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23154-CIV-SEITZ/SIMONTON

SANDRA RINKER,[1]

      Plaintiff,

v.

CARNIVAL CORPORATION, *et al.*,

      Defendants.

_____/

## ORDER GRANTING DEFENDANT SUSAN LAW'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

THIS CAUSE is before the Court on Defendant Susan Law's Motion to Dismiss for Lack of Personal Jurisdiction [DE-70]. Plaintiff filed this action because she became sick and received medical treatment while onboard Defendant Carnival Corporations' ship, the Spirit. Plaintiff alleges that as a result of delays in treating her and a misdiagnosis of her condition she has suffered permanent hearing loss and other neurological conditions. Defendant Law was a nurse onboard the Spirit who was involved in Plaintiff's treatment. Law moves to dismiss the claims against her based on a lack of personal jurisdiction. Because the Court does not have either specific or general jurisdiction over Law, her motion is granted.

### I. Background

Plaintiff's Amended Complaint alleges three counts against Defendant Law: (1) negligence; (2) fraud; and (3) battery and/or assault. The claims stem from Law's treatment of Plaintiff while Plaintiff was a passenger aboard the Carnival Spirit. The Amended Complaint

---

[1] Although Plaintiff's caption of the case lists both Sandra Rinker and James Rinker, Jr. as plaintiffs, James Rinker's claim was dismissed by the Court. Thus, Sandra Rinker is the only plaintiff with claims still pending.

simply alleges that "Defendants are subject to the jurisdiction of the Courts of this State." The Amended Complaint does not make any factual allegations to support this legal conclusion. As a result, after Defendant Law filed her motion to dismiss, Plaintiff sought leave to conduct jurisdictional discovery, which the Court granted. The jurisdictional discovery has established the following undisputed facts:

Law is an Australian citizen and a registered nurse in Australia and the United Kingdom. After contacting Defendant Carnival Corporation (Carnival) in Miami, Florida, Law filled out an employment application and interviewed with Carnival from overseas. She entered into two agreements with Carnival to provide nursing services onboard Carnival ships. Law did not execute the service agreements while in Florida. In the service agreements, Law agreed to indemnify Carnival and hold it harmless from and against any liability, loss, damage, or claim, arising out of her performance of nursing services. In addition to the service agreements, Carnival and Law entered into an Indemnity Agreement, whereby Law agreed to allow Carnival to "take absolute and complete control of the defense" of any proceedings brought against Law as a result of claims arising from her performance of her duties as a ship's nurse.

Law worked for Carnival for six months in 2008 and for four months in 2009. Law had no control over the ships to which she was assigned and during the course of her employment with Carnival she worked aboard several different ships. While working for Carnival, Law received some American Heart Association training given by Emergency Medical Consultants, which is based in Port St. Lucie, Florida. However, that training was done onboard the ship, which was sailing out of San Diego and had no Florida ports of call, and the training took place while the ship was at sea. During her employment with Carnival, Law was onboard ships that

2

docked in Florida sixteen times. Law never provided any nursing care during the sixteen times

that she was aboard a ship while it was in a Florida port. Law's salary was paid in cash onboard

the ship. The administration of the payment was done, in part, through the Miami offices of

Carnival.

Law has never entered into any other contracts with United States entities. She does not

own property in the United States and has never had a bank account in the United States.

## II. Discussion

Law moves to dismiss the claims against her because the Court does not have personal

jurisdiction. Law asserts that Plaintiff cannot establish general or specific jurisdiction over Law

under Florida's long-arm statute. Florida's long-arm statute, Florida Statute § 48.193, provides

in part:

> (1) Any person, whether or not a citizen or resident of this state, who personally or
> through an agent does any of the acts enumerated in this subsection thereby submits
> himself or herself and, if he or she is a natural person, his or her personal representative to
> the jurisdiction of the courts of this state for any cause of action arising from the doing of
> any of the following acts:
> * * *
> (d) Contracting to insure any person, property, or risk located within this state at the time
> of contracting.
> * * *
> (2) A defendant who is engaged in substantial and not isolated activity within this state,
> whether such activity is wholly interstate, intrastate, or otherwise, is subject to the
> jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Plaintiff asserts that the Court has specific jurisdiction over Law based on subsection (1)(d) and

general jurisdiction based on subsection (2). Law argues that the Court does not have

jurisdiction under subsection (1)(d) because Law is not part of the insurance industry, the risk

indemnified by Law is not a Florida risk, and Plaintiff's claim does not arise from an alleged

breach of the indemnity contract. Law further argues that the Court does not have jurisdiction under subsection (2) because she was not, and is not, engaged in substantial and not isolated activity within Florida. Because neither subsection applies to Law, Plaintiff's claims against Law must be dismissed for lack of personal jurisdiction.

*A. The Court Does Not Have Jurisdiction Under Florida Statute § 48.193(1)(d)*

Plaintiff argues that the Court has personal jurisdiction over Law based on the indemnification provision in the service agreements between Law and Carnival. According to Plaintiff, the indemnification provisions constitute contracts to insure a person or risk located within this state and, thus, Florida Statute § 48.193(1)(d) confers jurisdiction over Law. Law responds that even if the indemnity provisions were contracts of insurance, which they are not, the provisions did not insure risks in Florida. Furthermore, Plaintiff is not seeking to enforce the provisions and, thus, there is no "connexity" between the indemnity provisions and Plaintiff's claims, as required by § 48.193(1)(d).

Under Florida law, section 48.193(1), which includes subsection (1)(d), by its very language, requires "connexity" between the defendant's activities and the plaintiff's cause of action. *Island Sea-Faris, Ltd. v. Haughey*, 13 So. 3d 1076, 1078 (Fla. 3d DCA 2008). Specifically, the subsection (1)(d) requires that the cause of action arise from the contracting for insurance. Fla. Stat. § 48.193(1)(d). No such connexity exists here. Plaintiff's claims are based on Law's actions while onboard the ship off the coast of California. None of the claims against Law have any relation to the indemnity provisions in Law's service agreements with Carnival. Consequently, Plaintiff's causes of action against Law do not arise from the indemnity provisions and, thus, this Court does not have personal jurisdiction over Law pursuant to Florida Statute §

4

48.193(1)(d).

### B. The Court Does Not Have General Jurisdiction Over Law

Plaintiff argues that, even if the Court does not have jurisdiction over Law pursuant to §

48.193(1)(d), it has jurisdiction pursuant to Florida Statute § 48.193(2).  Section 48.193(2)

confers general jurisdiction and does not require connexity.  It provides:

> A defendant who is engaged in substantial and not isolated activity within this state,
> whether such activity is wholly interstate, intrastate, or otherwise, is subject to the
> jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193(2).  In interpreting § 48.193(2),

> Florida Courts have held this "substantial and not isolated activity" requirement to mean,
> and subsume, the "continuous and systematic general business contacts" standard
> sufficient to satisfy the due process requirement of minimum contacts for general
> jurisdiction, as set forth by the Supreme Court in *Helicopteros Nacionales de Colombia
> S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984), such that "if the
> defendant's activities meet the requirements of section 48.193(2), minimum contacts is
> also satisfied." *Woods v. Nova Companies Belize Ltd.*, 739 So. 2d 617, 620 (Fla. 4th DCA
> 1999).

*United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1275 n.16 (11th Cir. 2009).  *See also  Dean*

*v. Jones*, 789 So. 2d 1072, 1077 (Fla. 1st DCA 2001).  Thus, if a defendant's contacts cannot

meet the minimum contacts requirement set out in *Helicopteros* then Florida's long-arm statute is

also not satisfied.  Law argues that her contacts with Florida do not meet the requirement that

they be substantial and not isolated.  Law is correct and, therefore, her motion to dismiss must be

granted.

The specific facts that Plaintiff argues confer general jurisdiction over Law are: (a) Law

entered into an indemnity agreement with an entity located in this district; (b) Law appointed

Carnival her agent; (c) Law obtained continuing medical education provided by the Florida

Training Center of the American Heart Association; (d) Law worked aboard Carnival ships that docked in Florida ports eighteen[2] times; (e) Law entered into contracts with Carnival; and (f) Law's salary was processed through Carnival in Miami.[3]  However, even considered together, these contacts with Florida are insufficient to establish general jurisdiction over Law.

   *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) is instructive. In *Helicopteros* the Supreme Court found that Texas did not have general jurisdiction over a Colombian company, Helicol, that sent its chief executive to Texas to negotiate a contract, accepted checks into its New York bank account that were drawn on a Texas bank, purchased millions of dollars in helicopters and equipment from Texas, sent its pilots to Texas for training and to ferry the purchased helicopters to South America, and sent management and maintenance personnel to Texas for training and consultation.  The Supreme Court found that such contacts did not constitute continuous and systematic general business contacts as needed to support general jurisdiction.  *Id.* at 415.  Clearly, Law's contacts with Florida are significantly less than those Helicol had with Texas.  Thus, if Helicol's contacts with Texas were insufficient, then Law's contacts with Florida are insufficient to establish general jurisdiction over her.

   Moreover, Law's contacts with Florida are not as strong as Plaintiff suggests.  Law did

---

[2]Deposition testimony indicates that Law was aboard ships that docked in Florida sixteen, not eighteen, times.  However, for purposes of this analysis the difference is inconsequential.

[3]The Supreme Court has held that unilateral action, such as where a check is drawn, is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).  Thus, in its analysis, the Court will not consider the fact that Carnival processed Law's salary through its Miami office.

not appoint Carnival her "exclusive agent in Florida" as represented by Plaintiff;[4] instead, Law gave Carnival the right to assume full control of all claims against her that are related to her services provided on Carnival's ships. The continuing education that was provided by Emergency Medical Consultants was actually done onboard a ship off the coast of California. Thus, when the training was done her ship was not in a Florida port, nor was Florida one of its ports of call. Thus, the training did not bring Law into direct contact with Florida. Consequently, the remaining contacts with Florida are Law's contracts with Carnival – the indemnity agreement and her two service agreements – and the 16 times that Law was aboard a ship that docked in Florida. However, the evidence shows that Law never provided any medical care while aboard a ship that was docked in Florida. These limited contacts simply do not amount to the continuous and systematic contacts necessary to establish general jurisdiction over Law.

Plaintiff relies, in part, on two Florida cases that have found personal jurisdiction over a non-resident physician. Such reliance is misplaced. First, only one of those cases was brought pursuant to § 48.193(2), *Dean v. Jones*. Second, the facts of *Dean* established substantially stronger and more numerous contacts with Florida. *See Dean*, 789 So. 2d at 1078 (finding general jurisdiction where doctor had treated over 3200 Florida patients, was licensed to practice medicine in Florida, fulfilled Florida's continuing education requirements, regularly consulted with Florida doctors over the phone, regularly rendered reports to Florida doctors for use in treating Florida patients, and owned rental property in Florida). Thus, Plaintiff has failed to establish that the Court has general jurisdiction over Law.

---

[4]Plaintiff's representation that Law "appointed Carnival as her exclusive agent in Florida" is an overzealous representation of the testimony and evidence, at best.

Accordingly, it is

ORDERED that Defendant Susan Law's Motion to Dismiss for Lack of Personal

Jurisdiction [DE-70] is GRANTED.  All claims against Defendant Susan Law are DISMISSED

for lack of personal jurisdiction.

DONE AND ORDERED in Miami, Florida, this 26 day of July, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record