UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23154-CIV-SEITZ/SIMONTON

SANDRA RINKER,

        Plaintiff,

v.

CARNIVAL CORPORATION, *et al.*,

        Defendants.
_____/

## ORDER GRANTING DEFENDANT PATEL'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Ramanbhai Patel's Motion to Dismiss Counts X, XI, and XIV of Plaintiff's Amended Complaint [DE-150]. This action arises from injuries sustained by Plaintiff, Sandra Rinker, after she developed meningitis aboard Defendant Carnival Corp.'s ship and was provided with medical care by the ship-board doctor, Defendant Patel, and the ship-board nurses.[1] Plaintiff[2] filed an eleven count[3] Amended Complaint against Carnival Corp. (Carnival), Patel, and the nurses. Four of these counts are against Patel and Patel now moves to dismiss three of those claims for failure to state claims upon which relief can be granted. Because Plaintiff's fraud claim does not comply with Rule 9(b) of the Federal Rules of

---

[1] The ship-board nurses have been dismissed as Defendants because the Court lacked personal jurisdiction over them. *See* DE-166 & 168.

[2] The sole claim brought by James Rinker has been dismissed with prejudice. Therefore, he is no longer a party to this suit. From hereon, when the Court refers to "Plaintiff," it shall be referring only to Sandra Rinker.

[3] The Amended Complaint lists fifteen counts. However, it notes that four of them were dismissed with prejudice by prior Court order. It is not clear why Plaintiff simply did not omit those claims from the Amended Complaint. Plaintiff's failure to omit the dismissed claims makes the Amended Complaint more difficult to read and raises questions about counsel's efforts in pursuing this case.

Civil Procedure and because Plaintiff has failed to plead elements of her assault and battery claims, Patel's motion is granted.

## I. Factual and Procedural History

According to the allegations in the Amended Complaint, Plaintiff was a passenger aboard Carnival's ship Spirit, in November 2008, when she developed meningitis, bacteremia, and osteomyelitis. Plaintiff sought treatment for a headache while aboard the ship from the ship's doctor, Patel, and the ship's nurses. Plaintiff was administered a combination of painkillers, which Plaintiff alleges was hazardous and may have caused her meningitis. Plaintiff alleges that her departure from the ship was delayed causing her condition to worsen and resulting in a loss of hearing, loss of physical strength, and difficulties walking.

On July 2, 2010, Plaintiff filed her Amended Complaint [DE-39], after the Court granted in part Carnival's Motion to Dismiss the complaint. Plaintiff's Amended Complaint alleges four counts against Patel: (1) Count VI for negligence; (2) Count X for fraud; (3) Count XI for assault and/or battery; and (4) Count XIV for battery and/or assault against Patel for the acts of the ship's nurses, Susan Law and Yolanda Dormehl. Patel moves to dismiss Counts X, XI, and XIV.

## II. Legal Standard for 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint and provides that a party may move the Court to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion does not decide whether the plaintiff will ultimately prevail on the merits, but instead whether such plaintiff has properly stated a claim and should therefore be permitted to offer evidence in support thereof. *Brandt v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995). To

survive a motion to dismiss, a complaint must contain allegations addressed to each material element "necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001). This material can be either direct or inferential, *see id.* at 683, but it must be factual. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Thus, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Twombly*, 127 S. Ct. at 1965. Pleadings that "are no more than conclusions, are not entitled to the assumption of truth[;] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Finally, when a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

## III. Discussion

### A. Plaintiff Has Not Adequately Pled Fraud

Patel moves to dismiss Count X for fraud because Plaintiff has failed to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that fraud be pled with particularity. Patel argues that Plaintiff has not set out the exact statements made, who made the statements, when the statements were made, or how Patel gained from the purported fraud. Patel asserts that alleging how a defendant gained from an alleged fraud is a required element of such a claim. However, how a defendant gained from an alleged fraud is not an element of a fraud claim in Florida. *Townsend v. Morton*, 36 So. 3d 865, 868 (Fla. 5th DCA 2010) (stating that elements of fraud are: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation

induce another to act on it; and, (4) consequent injury by the party acting in reliance on the representation"). Thus, it is not necessary for Plaintiff to plead how Patel gained from his alleged fraud.

Regardless, Plaintiff has not adequately met the heightened pleading requirements of Rule 9(b). A plaintiff alleging fraud may satisfy Rule 9(b) by pleading: (1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making; (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). Plaintiff's Amended Complaint states that "Defendants Ramanbhai Patel, Yolanda Dormehl, *and/or* Susan Law" made false representations. Amended Complaint, ¶82 (emphasis added). Thus, the Amended Complaint does not clearly set out who made the allegedly fraudulent statements. The same problem arises with the allegations about the statements made. Specifically, the Amended Complaint alleges the following false statements:

> a. That Defendants Ramanbhai Patel, Yolanda Dormehl, *and/or* Defendant Susan Law, had experience in general medicine or general practice including emergency or critical care.
> b. that Defendant Ramanbhai Patel, Yolanda Dormehl, *and/or* Defendant Susan Law [sic] the proper licenses to provide medical care in the jurisdiction of the flag of the ship in which they were hired, or the State of California.

Amended Complaint, ¶¶82(a)-(b) (emphasis addded). From these allegations, it is not clear exactly what statements were made about Patel's qualifications. In fact, from these allegations it is possible to conclude that no statements were made about Patel's qualifications. Thus, the

4

Amended Complaint has failed to meet the pleading requirements of fraud. Consequently, Count X against Patel must be dismissed.

### B. Plaintiff Has Not Adequately Pled a Claim for Assault and Battery Against Patel

Patel argues that Count XI for assault and/or battery should be dismissed because Plaintiff has failed to allege that she was in fear of imminent peril and that she was touched against her will. Plaintiff responds that, because she alleges that Patel failed to obtain a proper informed consent from her, she has adequately pled claims for assault and battery. Plaintiff has not adequately pled either an assault or battery.

An assault is "the apprehension of immediate, harmful or offensive contact with the plaintiff's person, caused by acts intended to result in such contacts, or the apprehension of them, directed at the plaintiff or a third person." *Wynn v. City of Lakeland*, 727 F. Supp. 2d 1309, 1315 (M.D. Fla. 2010) (quoting *Doe v. Evans*, 814 So. 2d 370, 379 (Fla. 2002)). Thus, the apprehension of immediate harmful or offensive conduct is an essential element of the tort of assault. *Wynn*, 727 F. Supp. 2d at 1315. The Amended Complaint contains no allegations that Plaintiff was in fear of an immediate harm. Thus, Plaintiff has failed to plead an essential element of a claim for assault. While Plaintiff argues that Patel's failure to disclose to Plaintiff that he was not licensed in California constitutes a failure to obtain an informed consent and thus constitutes an assault, Plaintiff has provided no authority in support of this argument. Consequently, having failed to plead an essential element of an assault claim, Plaintiff's assault claim against Patel must be dismissed.

A battery is some form of harmful or offensive contact. *Loos v. Club Paris, LLC*, 684 F. Supp. 2d 1328, 1335 (M.D. Fla. 2010). There are no allegations in the Amended Complaint that

Patel actually touched Plaintiff. Thus, Plaintiff has failed to adequately plead a cause of action for battery against Patel and the claim should be dismissed.

### C. Plaintiff Has Not Adequately Pled a Claim of Vicarious Liability for Assault and Battery

Patel moves to dismiss Count XIV for several reasons: (1) Count XIV is titled "Battery and/or Assault Against Ramanbhai Patel for the Acts of Defendants Susan Law and Yolanda Dormehl" but does not plead any acts by Yolanda Dormehl; (2) paragraphs 103 and 104 identify Susan Law as an agent/servant/employee/apparent agent/joint venturer/partner of "Defendant John Doe," which is confusing, at best, and makes the Count a legal nullity, at worst; and (3) Plaintiff has not alleged an assault or battery by Law. Plaintiff has not directly responded to these arguments, other than to say that she has pled assault and battery.

Plaintiff has failed to allege any actions by Dormehl in Count XIV. Thus, to the extent this count is based on Dormehl's actions, it is dismissed. Plaintiff has also failed to allege any relationship between Law and Patel, let alone a relationship that would make Patel vicariously liable for Law's acts. Furthermore, Plaintiff has not alleged the elements of an assault or battery, as set out above, by Law. Plaintiff has not alleged that Law made Plaintiff fear an immediate harm or that Law had a harmful or offensive contact with Plaintiff. Consequently, this claim is dismissed because Plaintiff has not plead the elements of vicarious liability or that Law committed an assault or battery.

Accordingly, it is hereby

ORDERED THAT Defendant Ramanbhai Patel's Motion to Dismiss Counts X, XI, and XIV of Plaintiff's Amended Complaint [DE-150] is GRANTED. Plaintiff may file a second

amended complaint by **September 30, 2011,** amending Counts X, XI, and XIV only. If Plaintiff files a second amended complaint, the complaint shall reflect the Court's earlier rulings on the prior motions to dismiss and shall **not** contain allegations or counts that have previously been stricken or dismissed. In deciding whether to file a second amended complaint or which claims to amend, Plaintiff and counsel should be guided by Federal Rule of Civil Procedure 11.

DONE AND ORDERED in Miami, Florida, this 13th day of September, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record