UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-23154-CIV-SEITZ/SIMONTON

SANDRA RINKER and
JAMES RINKER, Jr.,

Plaintiffs,

v.

CARNIVAL CORPORATION,
et al.,

Defendants.

_____/

**ORDER DENYING, IN PART, AND GRANTING, IN PART,**
**PLAINTIFF'S MOTION TO COMPEL**

This matter came before the Court on an informal discovery conference held
before the undersigned on August 31, 2011 (DE # 182).  The Honorable Patricia A. Seitz
has referred all discovery in this case to the undersigned Magistrate Judge (DE ## 34,
134).  The Court ruled on discovery matters at the conference, stating the reasons for the
rulings on the record.  This Order sets forth these rulings and incorporates by reference
the reasons for them stated at the conference.  Having heard from the parties, and for the
reasons stated on the record, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant Carnival Corporation shall respond to Interrogatory No. 15(a) – (f).

   a. Defendant's responses shall be limited to incidents in which access to medical
      treatment was denied, delayed or withheld to passengers requesting and/or
      seeking to be evacuated.

1

b. Defendant's responses shall also include incidents in which access to medical treatment was denied, delayed or withheld to passengers that did not request to be evacuated (but after consultation with the ship's medical facility were ultimately evacuated).

c. Defendant responses to Interrogatory No. 15 shall be limited to three years before the incident.

d. Defendant's responses shall be limited to incidents occurring on the ship on which the incident occurred.

2. Defendant Carnival Corporation shall respond to Interrogatory No. 16.

a. Defendant's responses shall be limited to policies and procedures concerning representations by the medical staff or employees of a ship's medical facility to passengers.

b. Defendant's responses shall include policies and procedures concerning instructions and/or guidelines to the medical staff about how they should represent themselves to passengers.

c. Subsection (C) must be produced to the extent that it has not already been produced by the Defendant.

d. Defendant may respond by either answering the Interrogatory or producing the pertinent section of the policies and procedures manual. If Defendant chooses to answer this Interrogatory by producing documents, Defendant shall incorporate the contents of that document to their answer to Interrogatory No. 16.

3. The Court overruled Defendant Carnival Corporation's objections concerning the number of subparts in Interrogatories Nos. 18 through 25. The Court finds that Plaintiffs' subparts are substantively related to the main interrogatories.

4. The Court finds that Interrogatory No. 18 has been answered to the best of Defendant Carnival Corporation's knowledge.  Defendant has answered under oath that it does not know the work schedules of the persons who were working in its medical facility onboard the ship on which the incident occurred.

5. Defendant Carnival Corporation shall respond to Interrogatory No. 23.  Defendant's response shall be limited to policies and procedures concerning medical evacuation or disembarkation of passengers, including any and all polices and procedures regarding persons seeking medical care off the ship, requests for emergency care while in port, the summoning of an ambulance, or leaving the ship early to seek medical care in a port of call.

6. Defendant Carnival Corporation shall respond to Interrogatory No. 24. To the extent that the shipboard medical records contain the only information responsive to this Interrogatory, then Defendant shall state that Defendant has no information with regard to each subpart other than what is contained in the shipboard medical records, which have already been produced.  Defendant must also incorporate by reference into its Interrogatory response the deck logs previously produced as responsive to this Interrogatory.

7. Defendant Carnival Corporation shall respond to Request for Production No. 14. Defendant's response shall be limited to policies and procedures concerning and/or discussing medical evacuations and disembarkations. Additionally,  Defendant's

responses shall include policies and procedures concerning a) representations by the medical staff or employees of a ship's medical facility to passengers; and b) instructions and/or guidelines to the medical staff about how they should represent themselves to passengers.

8. Defendant Carnival Corporation shall respond to Request for Production No. 15. Defendant's responses shall be limited to policies and procedures concerning and/or discussing medical evacuations and disembarkations.

9. Defendant Carnival Corporation shall respond to Request for Production No. 25. Defendant's response shall be limited to policies concerning and/or discussing medical evacuations and disembarkations.

10. Defendant Carnival Corporation shall respond to Request for Production No. 32.

    a. Defendant's response shall be limited to complaints, claims, letters, or documentation of initial contact by a guest and/or counsel discussing incidents in which access to medical treatment was denied, delayed or withheld, when the passenger requested and/or sought to be evacuated. Defendant's response shall include situations wherein access to medical treatment was denied or withheld when evacuation was sought and or granted.

    b. Defendant's responses shall also include incidents in which access to medical treatment was denied, delayed or withheld to passengers that did not request to be evacuated (but after consultation with the ship's medical facility were ultimately evacuated).

    c. Defendant shall provide responses limited to three years before the subject incident.

d.  Defendant shall provide responses limited to incidents occurring on the ship where the incident occurred.

e.  To the extent that Defendant claims any of these documents are subject to the work product privilege, Defendant is ordered to confer with Plaintiffs' counsel and if an agreement cannot be reached, Defendant must file supporting evidence in support of that contention, including – but not limited to – a privilege log.

11. Defendant Carnival Corporation shall respond to Request for Production No. 35. Defendant's response shall be limited to regulations, polices, procedures, manuals, directions, instructions, and or suggestions promulgated by, or at the direction of, Carnival Corporation regarding medical evacuations and disembarkations as well as policies and procedures regarding representations the medical staff makes to passengers.

12. Defendant Carnival Corporation shall respond to Request for Production No. 38. Defendant's response shall be limited to regulations, polices, procedures, manuals, directions, instructions, and or suggestions promulgated by, or at the direction of, Carnival regarding medical evacuations and disembarkations as well as policies and procedures regarding representations the medical staff makes to passengers.

13. All the above responses shall be produced by Defendant Carnival Corporation on or before September 30, 2011.  If Carnival Corporation claims undue burden producing any of the aforementioned responses, it must file an affidavit supporting that claim by September 8, 2011.

**DONE AND ORDERED** this 3rd day of October 2011.

_Andrea M. Simonton_

Hon. Andrea M. Simonton
United States Magistrate Judge


Copies furnished via CM/ECF to:

The Honorable Patricia A. Seitz,
        United States District Judge
All counsel or record