UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23154-CIV-SEITZ/SIMONTON

SANDRA RINKER,

        Plaintiff,

v.

CARNIVAL CORPORATION, *et al.*,

        Defendants.
_____/

## ORDER GRANTING DEFENDANT PATEL'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

THIS MATTER is before the Court on Defendant Ramanbhai Patel's Motion to Dismiss Counts XI and XIV[1] of Plaintiff's Amended Complaint and Motion to Strike [DE-196]. This action arises from injuries sustained by Plaintiff, Sandra Rinker, after she developed meningitis aboard Defendant Carnival Corp.'s ship and was provided with medical care by the ship-board doctor, Defendant Patel, and the ship-board nurses.[2] Plaintiff's Second Amended Complaint alleges three counts against Patel: (1) negligence; (2) battery; and (3) battery for the acts of Nurses Law and Dormehl. Patel moves to dismiss the battery claim and the claim to hold him vicariously liable for the batteries committed by Nurses Law and Dormehl. Patel also seeks to strike several allegations, paragraphs 48(c), 48(e), 50, 51(a), 61(a) and 64(a). As set forth below, the Motion to Dismiss is granted as to the battery counts and the Motion to Strike is granted as to paragraphs 48(c) and 48(e) and denied as moot in all other respects.

---

      [1]While the counts are numbered XI and XIV, they are really counts 5 and 6. For some unknown reason, and despite the potential for confusion, Plaintiff failed to renumber the counts when she filed her Second Amended Complaint.

      [2]The ship-board nurses have been dismissed as Defendants because the Court lacked personal jurisdiction over them. *See* DE-166 & 168.

## I. Factual Allegations

According to the allegations in the Second Amended Complaint, Plaintiff was a passenger aboard Carnival's ship Spirit, in November 2008, when she developed meningitis, bacteremia, and osteomyelitis. Plaintiff sought treatment for a headache while aboard the ship from the ship's doctor, Patel, and the ship's nurses, Law and Dormehl. Patel and the ship's nurses provided medical care to Plaintiff. Neither Patel nor the nurses were licensed by any state in the United States or in the jurisdiction of the ship's flag. Plaintiff was unaware of this information at the time she received the medical care. Thus, Plaintiff alleges that Patel and the nurses did not obtain proper informed consent from Plaintiff. Consequently, Plaintiff alleges that she was subject to a battery by Patel and batteries by the nurses when they touched her during treatment. Plaintiff seeks to hold Patel liable under either a theory of respondeat superior or apparent agency for the alleged batteries committed by the nurses. Patel moves to dismiss both battery claims.

Plaintiff also alleges a count of negligence against Patel. Plaintiff alleges that Patel was negligent by: (a) failing to provide Plaintiff with proper medical care; (b) failing to properly diagnose her; (c) rendering treatment without the proper licenses; (d) failing to recommend Plaintiff's immediate evacuation from the ship; (e) failing to have proper licenses to practice medicine in the jurisdiction of the ship or the State of California; and (f) negligent administration of medications. Patel seeks to strike only the allegations in (c) and (e). Additionally, Patel also seeks to strike other allegations regarding his and the nurses' licensure.

## II. Legal Standard for 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

2

tests the sufficiency of the complaint and provides that a party may move the Court to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion does not decide whether the plaintiff will ultimately prevail on the merits, but instead whether such plaintiff has properly stated a claim and should therefore be permitted to offer evidence in support thereof. *Brandt v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995). To survive a motion to dismiss, a complaint must contain allegations addressed to each material element "necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001). This material can be either direct or inferential, *see id.* at 683, but it must be factual. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Thus, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Twombly*, 127 S. Ct. at 1965. Pleadings that "are no more than conclusions, are not entitled to the assumption of truth[;] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Finally, when a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

## III. Discussion

### A. The Motion to Dismiss

Both battery claims allege that Patel and the nurses did not obtain informed consent before treating Plaintiff because Plaintiff was not told that Patel and the nurses were not licensed in the United States or the jurisdiction of the flag of the ship, were not qualified to diagnose Plaintiff, and were not trained to detect and diagnose the symptoms of infectious diseases. Patel

3

moves to dismiss the battery claims for two reasons: (1) because information regarding licensing is not the type of information a medical provider must disclose to obtain informed consent and (2) because Maritime Law does not require Patel and the nurses to be licensed in the United States or the jurisdiction of the flag of the ship. Patel also moves to dismiss the claim for vicarious liability because Plaintiff has not adequately pled facts warranting the imposition of vicarious liability. Because Plaintiff has failed to allege a claim for battery against Patel or the nurses, the Court need not address the issue of vicarious liability.

According to the Restatement (Second) of Torts § 13:

> An actor is subject to liability to another for battery if
> (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and
> (b) a harmful contact with the person of the other directly or indirectly results.

Plaintiff's complaint alleges that Patel and the nurses battered her because they intentionally touched her without obtaining the proper informed consent. Patel argues that Plaintiff has not sufficiently pled a lack of informed consent. Thus, the issue before the Court is whether the information that Plaintiff alleges was not disclosed is the type of information a doctor, or medical services provider, must disclose in order to obtain an informed consent.

Plaintiff's Second Amended Complaint cites to two cases to support her battery claims. However, those cases do not support her claim. Both cases cited by Plaintiff involved surgeries and neither involved an issue of the doctor's credentials. In *Meretsky v. Ellenby*, 370 So. 2d 1222, 1223 (Fla. 3d DCA 1979), the plaintiff expressly stated to the doctor prior to rhinoplasty surgery that she did not want the operation performed on a certain portion of her nose. Despite that clear direction, the doctor ignored the plaintiff's express desires and performed surgery on a

particular part of her nose. *Id.* Thus, *Meretsky* involved a complete lack of consent, not a lack of informed consent. In *Wall v. Brin*, 138 F.2d 478, 481 (5th Cir. 1943), the doctor had obtained consent to perform surgery based on an incorrect belief about the plaintiff's condition. Once the surgery began and while the plaintiff was still conscious, the doctor discovered that the plaintiff's condition was far worse than originally believed. *Id.* The doctor proceeded with the more involved surgery without informing the plaintiff of the seriousness of the operation and its attendant risks. *Id.* Plaintiff, in this case, does not allege that she did not consent to treatment, as in *Meretsky*, or that she was not told about her treatment and its associated risks, as in *Wall*. Thus, neither of these cases are applicable.

Plaintiff has not provided any authority to support her theory that she could only give informed consent to receive medical care if Patel and the nurses first disclosed their licensing and their training. Because the facts alleged by Plaintiff do not establish a legally recognized theory for lack of informed consent, Plaintiff has failed to allege battery by Patel or the nurses.[3] Consequently, Counts XI and XIV are dismissed with prejudice.[4]

### B. The Motion to Strike

Patel moves to strike paragraphs 50, 51(a), 61(a) and 64(a), which are part of the battery claims. Because the battery claims have been dismissed, the motion to strike these allegations is

---

[3] While not raised by Patel, Plaintiff's battery claims are also deficient because they do not allege intent to cause harmful or offensive contact by Patel or the nurses.

[4] In her response to the Motion, Plaintiff has asked for leave to amend if the Court grants the Motion to Dismiss. However, Plaintiff has now had three attempts to properly plead her claims and has been unable to do so. She has not offered any facts that would cure the deficiencies in her first three complaints. Furthermore, at the time Plaintiff filed her Second Amended Complaint discovery was nearly complete. Despite having the benefit of discovery, Plaintiff's complaint was still deficient. Accordingly, amendment is not warranted.

moot. Patel also moves to strike paragraphs 48(c) and 48(e)[5] because his lack of the specified licenses does not render his treatment of Plaintiff negligent. Plaintiff opposes the motion because Patel failed to comply with Local Rule 7.1(a)(3), which requires the parties to confer and attempt to resolve the issue prior to filing the motion. Under the rule, the Court has discretion to deny a motion based on a failure to comply and the Court declines to exercise its discretion here. Plaintiff also argues that practicing medicine in the port of San Diego constitutes negligence per se under California law. Plaintiff, however, has not pled such a claim in the Second Amended Complaint. Last, Plaintiff argues that Patel's failure to be licensed in California or the jurisdiction of the flag of the ship is a ground to show negligence. Patel's lack of a license from California or the jurisdiction of the flag of the ship does not by itself render Patel's medical care negligent. Consequently, the motion to strike is granted as to paragraphs 48(c) and 48(e).

Accordingly, it is hereby

ORDERED THAT:

1. Ramanbhai Patel's Motion to Dismiss Counts XI and XIV of Plaintiff's Amended Complaint and Motion to Strike [DE-196] is GRANTED in part and DENIED in part:

    a. The Motion to Dismiss is granted as to Counts XI and XIV.

---

[5]These paragraphs allege:
48. On or about the above date, Plaintiff Sandra Rinker was injured due to the fault and negligence of Defendant, Ramanbhai Patel and/or his agents, servants, and/or employees as follows:
\* \* \*
c. Knowingly rendering treatment to passengers while lacking the proper licenses to practice medicine in the jurisdiction of the ship, or in the State of California.
\* \* \*
e. Failing to have proper licenses to practice medicine in the jurisdiction of the ship or the State of California.

      b. The Motion to Strike is granted as to paragraphs 48(c) and 48(e) and denied as moot in all other respects.

    2. Defendant Patel shall file an answer by **December 21, 2011.**

DONE AND ORDERED in Miami, Florida, this 14th day of December, 2011.

                                                    PATRICIA A. SEITZ
                                                    UNITED STATES DISTRICT JUDGE

cc:    All counsel of record