UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23154-CIV-SEITZ/SIMONTON

SANDRA RINKER,

        Plaintiff,

v.

CARNIVAL CORPORATION, *et al.*,

        Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO STRIKE EXPERT DISCLOSURES

THIS CAUSE is before the Court on Plaintiff's Corrected Motion to Strike the Expert Disclosures and Testimonies of Dr. Barry Hirsch, Dr. Norman Kato, David Williams and Frank Woodrich [DE-200]. In his response, Defendant Patel has withdrawn Dr. Barry Hirsch, Dr. Norman Kato and David Williams as expert witnesses. Consequently, the only relevant portion of Plaintiff's Motion pertains to Frank Woodrich. Plaintiff seeks to strike Woodrich's disclosures and testimony because Woodrich's "expert report" does not meet the requirements of Federal Rule of Civil Procedure 26(a)(2) and Local Rule 16.1(k).[1] Defendant Patel opposes the Motion based on Plaintiff's failure to comply with Local Rule 7.1(a)(3) prior to filing the Motion to Strike and because Woodrich's report complies with the rules. While the Court recognizes the importance of Local Rule 7.1(a)(3) and finds that Plaintiff's counsel's actions do not comport with the Court's expectations, the Court declines to exercise its discretion to deny Plaintiff's

---

[1] The Local Rules were amended effective December 1, 2011 and deleted the prior language of Rule 16.1(k) because it was duplicative of Federal Rule of Civil Procedure 26(a)(2). At the time Patel disclosed Woodrich, Local Rule 16.1(k) required, in part, expert reports to disclose the subject of the expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

motion based solely on Plaintiff's questionable compliance with the rule. Therefore, the Court will consider the substance of the Motion to Strike.

Federal Rule of Civil Procedure 26(a)(2) requires an expert report to contain, among other things: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them [and] (ii) the facts or data considered by the witness in forming them." The requirements of former Local Rule 16.1(k) were similar. Upon review, the report does not comply with these requirements, except for the opinion under the heading "Housing & Wheelchair Needs." Approximately a quarter of the report is simply questions regarding the report of one of Plaintiff's experts, Dr. Lessne. The portions of the report that contain opinions do not set out the basis and reasons for those opinions, except for the opinion under the heading "Housing & Wheelchair Needs." Quite simply, the majority of the opinions contained in the Woodrich report are conclusory without supporting reasons, facts, or data. While at first glance, the portion of the report under the heading "Support Care & Housekeeper" would appear to meet the requirements of the rules, they do not. That section sets out the needs of people suffering from paralysis but does not explain how Plaintiff's condition compares. Nor does this section explain the usual needs of someone in Plaintiff's condition. Thus, it is lacking the necessary basis and reasons for Woodrich's opinion on these matters. Consequently, it is

ORDERED that:

1. Plaintiff's Corrected Motion to Strike the Expert Disclosures and Testimonies of Dr. Barry Hirsch, Dr. Norman Kato, and David Williams is DENIED as moot.

2. Plaintiff's Corrected Motion to Strike the Expert Disclosures and Testimonies of Frank Woodrich is GRANTED in part. Frank Woodrich's report is stricken, except for the

portion of the report under the heading "Housing & Wheelchair Needs." Mr. Woodrich may testify solely about this opinion.

DONE AND ORDERED in Miami, Florida, this 19th day of December, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record