UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23154-CIV-SEITZ/SIMONTON

SANDRA RINKER,

        Plaintiff,

v.

CARNIVAL CORPORATION, *et al.*,

        Defendants.
_____/

## ORDER GRANTING MOTION TO STRIKE AFFIDAVIT OF DR. GERALD E. STOPCYZNSKI

THIS CAUSE is before the Court on Defendant Carnival Corporations's (Carnival) Motion to Strike Affidavit of Dr. Gerald E. Stopcyznski [DE-261], in which Carnival seeks to strike the Affidavit which is submitted in support of Plaintiff's opposition to Carnival's Motion for Summary Judgment. The Affidavit contains opinions regarding Defendant Patel's qualifications, or lack thereof, to serve as the sole doctor onboard one of Carnival's ship. Such opinions are relevant to Plaintiff's negligent hiring claim and Plaintiff's claim that Carnival negligently relied on the medical opinion of an unqualified doctor.

Carnival seeks to strike the Affidavit because it contains opinions not in Dr. Stopcyznski's previously disclosed expert report and not disclosed prior to the deadline for disclosing expert witnesses. Thus, Carnival asserts that it is prejudiced by the late disclosure of these opinions because they cannot obtain an expert rebuttal witness. In response, Plaintiff argues that the opinions in the Affidavit are based on Patel's deposition testimony. The parties selected the July deadline for disclosure of Plaintiff's expert reports. Patel's deposition occurred on November 16, 2011. According to Plaintiff, much of the information on which Stopcyznski's

Affidavit relies only came to light at the deposition. However, Plaintiff has not explained why Patel's deposition did not occur earlier in this litigation, especially given the fact that his training and qualifications were at issue and would require expert analysis.[1] Plaintiff has also not explained why Dr. Stopcysnski's original report does not note that he lacked sufficient information to opine on Patel's qualifications. Nor did the original report opine on Patel's qualifications based on the personnel file Plaintiff received from Carnival many months before the expert reports were due. Thus, it appears that Plaintiff sought the opinions in the Affidavit only because Carnival's Motion for Summary Judgment pointed out the holes in Plaintiff's evidence.[2]

Plaintiff also contends that Carnival will suffer no prejudice if the Affidavit is permitted to stand because Carnival had the opportunity to depose Dr. Stopcyznski after he filed the Affidavit. Plaintiff asserts that Carnival can rebut Dr. Stopcysnski's opinions with those of Dr. Bradberry. Dr. Bradberry, however, is a fact witness and, as a Carnival employee, it is his potential negligence that needs to be rebutted. Furthermore, Carnival will suffer prejudice because, at this late date, it cannot obtain an expert rebuttal witness to address the opinions in the Affidavit. Nor will the parties have an opportunity to raise Daubert challenges as to Dr. Stopcyznski's opinion or any rebuttal expert since the time for doings so passed in October 2011. Upon consideration, it is hereby

---

[1] The negligence claims that raise Patel's qualifications have been a part of this action since it was filed in 2009. Carnival filed its Answer and Affirmative Defenses in December 2010.

[2] There is no evidence in the record that indicates that Plaintiff was blocked in her attempts at discovery regarding Patel's qualifications. Thus, it would appear that it is Plaintiff's failure to diligently pursue her claims that led to the late filing of the Affidavit.

ORDERED that Defendant Carnival Corporations's Motion to Strike Affidavit of Dr. Gerald E. Stopcyznski [DE-261] is GRANTED.

DONE AND ORDERED in Miami, Florida, this 19th day of December, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record