UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23154-CIV-SEITZ/SIMONTON

SANDRA RINKER,

           Plaintiff,

v.

CARNIVAL CORPORATION, *et al.*,

           Defendants.
_____/

## ORDER GRANTING CARNIVAL'S MOTION TO STRIKE TESTIMONY OF DR. SEAN PALACIOS REGARDING CAUSATION

THIS MATTER is before the Court on Defendant Carnival Corporation's Motion to Strike Testimony of Dr. Sean Palacios Regarding Causation [DE-208]. Carnival Corporation (Carnival) seeks to exclude the testimony of Dr. Palacios regarding causation because Dr. Palacios is one of Plaintiff's treating physicians and cannot testify as an expert witness because Plaintiff did not submit an expert report from Dr. Palacios, as required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule 16.1(k). In response, Plaintiff concedes that Dr. Palacios is not an expert witness but asserts that as Plaintiff's treating physician he can testify about his opinions that are related to Plaintiff's care and treatment, including the cause of her injuries.[1]

As a non-expert, fact witness, a treating physician is bound by the constraints of Federal Rule of Evidence 701, which limits opinion testimony to testimony that is rationally based on the witness's perception, helpful to clearly understanding the witness's testimony or to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope

---

[1] Because Plaintiff concedes that Dr. Palacios is not an expert witness, the Court need not do a *Daubert* analysis. However, the Court notes that Dr. Palacios' records and testimony would not meet the requirements of *Daubert* because Dr. Palacios has not done a differential analysis and not explained the basis for his conclusion that Plaintiff's meningitis caused her hearing and neurological problems.

of Rule 702. *U.S. v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005).[2] Thus, unless the cause of Plaintiff's injuries were essential to Dr. Palacios' decisions regarding how to treat Plaintiff, he cannot testify as to the cause of her injuries. *See id.* While Plaintiff points to Dr. Palacios' records regarding Plaintiff to support her position that part of his treatment of Plaintiff involved determining the cause of Plaintiff's injuries, the records quoted by Plaintiff do not support her arguments. The records simply note that Plaintiff's injuries arose after an episode of meningitis. The records do not indicate that the meningitis caused Plaintiff's injuries, much less address the causation issue in this case – whether a delay in treating Plaintiff's symptoms caused her injuries. Thus, nothing in Dr. Palacios' records indicate that, in order to treat Plaintiff, he had to determine the cause of Plaintiff's injuries. Based on the records cited by Plaintiff, the cause of her injuries do not appear relevant to Dr. Palacios' treatment of Plaintiff. Consequently, Dr. Palacios may not testify as to the cause of Plaintiff's injuries.

Accordingly, it is

ORDERED THAT Defendant Carnival Corporation's Motion to Strike Testimony of Dr. Sean Palacios Regarding Causation [DE-208] is GRANTED. Dr. Palacios may not testify as to the cause of Plaintiff's injuries.

DONE AND ORDERED in Miami, Florida, this 21st day of December, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

---

[2]*See also* the unpublished opinion in *Wilson v. Taser Intern'l, Inc.*, 303 Fed. App'x 708, 712-13 (11th Cir. 2008), which cites to *Henderson* in affirming the district court's decision to exclude the treating physician's testimony as to causation.