UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23154-CIV-SEITZ/SIMONTON

SANDRA RINKER,

        Plaintiff,

v.

CARNIVAL CORPORATION, *et al.*,

        Defendants.
_____/

## ORDER DENYING MOTION TO STRIKE DR. BRYAN HUANG AS AN EXPERT FOR THE PLAINTIFF

THIS MATTER is before the Court on Defendant Ramanbhai Patel's Motion to Strike Dr. Bryan Huang as an Expert for the Plaintiff [DE-204]. According to Plaintiff, Dr. Huang is being offered as a witness as both Plaintiff's treating physician and as an expert in internal medicine and hospital medicine. Patel seeks to strike Dr. Huang as an expert because he is not qualified as an expert and because his methodology is flawed.[1] In response Plaintiff argues that all of Dr. Huang's opinions are related to his treatment of Plaintiff and, thus, he can testify to his opinions as a lay witness. Plaintiff further argues that if the Court finds that some of Dr. Huang's opinions are those of an expert, that he is qualified and his methodology is sound. Because Dr. Huang is qualified as an expert in internal medicine and hospital medicine and his methodology is sound, Patel's motion is denied.

---

[1] Because Dr. Huang is one of Plaintiff's treating physicians, Dr. Huang may testify as a fact witness as to his opinions and inferences "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701; *see also U.S. v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005).

Contrary to Plaintiff's assertions, not all of Dr. Huang's opinions, which are set out in his report, are lay witness opinions. Dr. Huang's opinions include conclusions about when Plaintiff should have been evacuated from the ship and the effect of the delay in evacuating Plaintiff on Plaintiff's condition. Dr. Huang cannot testify as to these opinions if he testifies as a fact witness because these conclusions are not based on Dr. Huang's own perceptions; instead, they are based on his review of Plaintiff's medical records from the ship and the emergency room. Consequently, in order to testify as to these issues, Dr. Huang must meet the requirements of an expert.

In the Eleventh Circuit, expert testimony is admissible if "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *City of Tuscaloosa v. Harcos Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (footnote omitted). The party offering the expert bears the burden of laying the proper foundation for admission of the expert's testimony. *Hall v. United Insurance Co. of America*, 367 F.3d 1255, 1261 (11th Cir. 2004).

Patel asserts that Dr. Huang is not qualified because he has no knowledge of how a cruise ship infirmary operates, has no experience treating patients on a cruise ship, and has never been on a cruise. Plaintiff asserts that Dr. Huang is qualified because he is board certified in internal medicine, which includes the treatment of infectious diseases, such as meningitis; has a subspecialty in hospital medicine; and is a member of the peer review committee, which requires

2

him to review other doctors' cases to determine if the doctor should have treated the patient differently. Plaintiff also points out that there is no medical specialty, or subspecialty, in cruise ship medicine. In his reply, Patel raises the additional argument that Dr. Huang is not qualified to testify because he is not experienced in emergency medical services. In support of this argument, Patel cites to Florida Statute § 766.109(9), which addresses the qualifications for an expert in a medical negligence claim. However, this section only covers claims against doctors licensed pursuant to Florida Statute, which Dr. Patel is not, and to medical services provided in a "hospital emergency department," which the ship's infirmary is not. Consequently, this statute does not apply to Dr. Patel and the medical services provided onboard the ship. Dr. Huang is board certified in internal medicine, which includes the treatment of infectious diseases. Plaintiff presented herself to the ship's infirmary for the treatment of an infectious disease. Thus, Dr. Huang is qualified to testify as an expert in internal medicine and to opine on the care Plaintiff received.

Patel also seeks to strike Dr. Huang as an expert because his methodology is flawed. According to Patel, Dr. Huang misread the ship's medical records regarding Plaintiff and, thus, has reached incorrect conclusions. Specifically, Dr. Huang's opinions rely on certain notations in the records and his opinions change based on when those particular notations were made. Dr. Huang read the records to indicate that those particular notations were made when Plaintiff first visited the ship's infirmary. During his deposition, Dr. Huang admitted that his opinions and conclusions might change if the notations were made at a later time. Patel asserts that the notations were made after Plaintiff was evacuated from the ship. Patel does not argue that Dr. Huang is not capable of reading medical records or that reading ship-board medical records is

different than reading other medical records. Instead, he argues that Dr. Huang's methodology is fatally flawed because he did not understand when certain notations were made in Plaintiff's ship-board medical records. This is not an issue of methodology. This is an issue of fact for the jury.

Accordingly, it is

ORDERED THAT Defendant Defendant Ramanbhai Patel's Motion to Strike Dr. Bryan Huang as an Expert for the Plaintiff [DE-204] is DENIED.

DONE AND ORDERED in Miami, Florida, this 6th day of January, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record