UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23154-CIV-SEITZ/SIMONTON

SANDRA RINKER,

          Plaintiff,

v.

CARNIVAL CORPORATION, *et al.*,

          Defendants.

_____/

## ORDER GRANTING IN PART MOTION TO STRIKE ROBERT LESSNE AS AN EXPERT WITNESS

THIS MATTER is before the Court on Defendant Ramanbhai Patel's Motion to Strike Robert Lessne as an Expert Witness, or in the Alternative, Motion in Limine to Exclude Evidence, Testimony, and Comments at Trial Regarding Future Medical Expenses [DE-203]. Dr. Lessne is Plaintiff's expert in the fields of vocational rehabilitation, employment, ergonomics, and economics. As Plaintiff's expert, Dr. Lessne prepared a life care plan for Plaintiff, in which he sets out the costs of Plaintiff's future medical care and needs. Patel seeks to exclude Robert Lessne as an expert because (1) he failed to account for Plaintiff's cancer diagnosis in his life expectancy calculations and (2) his report is not supported by record evidence and is entirely speculative. In the alternative, Patel seeks to exclude Lessne from testifying about Plaintiff's future medical care needs and expenses.

In the Eleventh Circuit, expert testimony is admissible if "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of

scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *City of Tuscaloosa v. Harcos Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (footnote omitted). The party offering the expert bears the burden of laying the proper foundation for admission of the expert's testimony. *Hall v. United Insurance Co. of America*, 367 F.3d 1255, 1261 (11th Cir. 2004). Furthermore, the party offering the expert "has the burden of demonstrating that the testimony is 'relevant to the task at hand' and 'logically advances a material aspect' of its case." *Boca Raton Community Hospital, Inc. v. Tenet Health Care Corp.*, 582 F.3d 1227, 1232 (11th Cir. 2009). If an expert opinion does not have "a 'valid scientific connection to the pertinent inquiry' it should be excluded because there is no 'fit.'" *Id.* Thus, Plaintiff bears the burden of establishing that Dr. Lessne meets all of these requirements in order to testify as an expert.

Plaintiff has not done this. Dr. Lessne's report and his deposition testimony indicate that his report is based on the life expectancy of a healthy 62 year old woman. However, the medical evidence, as well as Dr. Lessne's report, indicates that Plaintiff is not a healthy 62 year old woman; she is a 62 year old woman with stage three colon cancer, that was diagnosed in March 2011. Thus, Dr. Lessne's report and its conclusions lack "fit" with the facts of this case. As a result of this lack of fit, when questioned at his deposition, Dr. Lessne testified that his "numbers would change" if his life expectancy projection was wrong.

In her response, Plaintiff argues that there is no record evidence that Dr. Lessne's life expectancy projection is flawed and that Defendants have not produced any evidence that Plaintiff's cancer will effect her life expectancy. However, the burden is on Plaintiff to show that her expert meets the requirements of *Daubert* and Federal Rule of Civil Procedure 702. Dr.

Lessne testified that he did not take Plaintiff's cancer into account when calculating her life expectancy projections because he was not instructed to by Plaintiff's attorneys, not because it would have no effect on the calculations. Consequently, Plaintiff cannot establish that Dr. Lessne's conclusions as to future medical needs are reliable or that they will assist the trier of fact because all of his calculations and conclusions are based on the life expectancy of a healthy woman, which Plaintiff is not.

Furthermore, Dr. Lessne's life care plan includes various doctors' appointments, various therapies, and an attendant/driver for 16 hours per day for the rest of Plaintiff's life expectancy.[1] However, nothing in the report indicates where or how Dr. Lessne developed these numbers. At his deposition, Dr. Lessne admitted that he did not speak with Plaintiff's doctors or Plaintiff. He also admitted that all of the projected medical care and frequency estimates are simply his opinion. Thus, there is no evidence to support many of Dr. Lessne's estimates for future medical care needs and their costs in Plaintiff's life care plan. Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993), the Court must assess the reasoning or methodology underlying the expert's testimony. Here, Dr. Lessne has not provided any reasoning or methodology to support his future medical care needs projections for Plaintiff. It appears that his estimates are nothing more than his own *ipse dixit*. *See Cook ex rel, Estate of Tessier v. Sheriff if Monroe County, Fla.*, 402 F.3d 1092, 10 (11th Cir. 2005) (stating that a

---

[1] Specifically, the life care plan includes seven future medical needs: (1) medical care with a neurologist six time a year for the rest of Plaintiff's life; (2) medical care with a physiatrist six times a year for the rest of her life; (3) psychiatric care four times a year for the rest of her life; (4) hospitalizations every ten years for the rest of Plaintiff's life; (5) physical and occupational therapy twice a month for the rest of her life; (6) CNA attendant care/driver 16 hours a day for the rest of her life; and (7) a sleep chamber. The life care plan projects the costs of these future medical needs to be $5,413,179.58, with a present value of $4,390,502.87.

district court may exclude expert testimony when its factual basis is not adequately explained). Consequently, Dr. Lessne may not testify regarding Plaintiff's future medical care needs.

Accordingly, it is

ORDERED THAT Defendant Ramanbhai Patel's Motion to Strike Robert Lessne as an Expert Witness, or in the Alternative, Motion in Limine to Exclude Evidence, Testimony, and Comments at Trial Regarding Future Medical Expenses [DE-203] is GRANTED in part and DENIED in part:

1. The Motion in Limine to Exclude Evidence, Testimony, and Comments at Trial Regarding Future Medical Expenses is GRANTED.

2. The Motion is DENIED in all other respects.

DONE AND ORDERED in Miami, Florida, this 6th day of January, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record